

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-90,241-01

**EX PARTE JOHN WILLIAM JOHNSON, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. ND 7024-A IN THE 1-A JUDICIAL DISTRICT COURT
## FROM NEWTON COUNTY

*Per curiam*.

# O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of attempted aggravated robbery and sentenced to twenty years' imprisonment. The Ninth Court of Appeals affirmed his conviction. *Johnson v. State*, No. 09-16-00384-CR (Tex. App. — Beaumont November 15, 2017) (not designated for publication).

Applicant filed this application, in which he alleges that appellate counsel rendered ineffective assistance because counsel failed to timely notify Applicant that his conviction had been affirmed and failed to advise him of his right to petition *pro se* for discretionary review, in the trial

court on June 10, 2019. On September 11, 2019, this Court remanded this matter to the trial court to obtain affidavits from Applicant's appellate attorneys and findings of fact and conclusions of law addressing Applicant's claim.

On December 8, 2021, this Court received the supplemental record from the trial court. That record includes an affidavit from Applicant's trial counsel, who was also one of Applicant's appellate attorneys of record, and findings of fact and conclusions of law from the trial court. In his affidavit, trial counsel states that he employed outside counsel to file Applicant's appeal. The supplemental record does not include an affidavit from that attorney. Trial counsel states that he forwarded a copy of the court of appeals' opinion to Applicant, and notified him that any further appellate process, including a petition for discretionary review, would have to be filed *pro se* because trial counsel was no longer "involved in this case being court appointed."

At the time of Applicant's direct appeal, Rule 48.4 of the Texas Rules of Appellate Procedure stated:

> In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68. This notification shall be sent certified mail, return receipt requested, to the defendant at his last known address. The attorney shall also send the court of appeals a letter certifying his compliance with this rule and attaching a copy of the return receipt within the time for filing a motion for rehearing. The court of appeals shall file this letter in its record of the appeal.

TEX. R. APP. P. RULE 48.

The appellate docket in this case contains no indication of a letter from counsel certifying compliance with Rule 48.4. Nor does trial counsel specify in his affidavit when or how he notified Applicant of the court of appeals' decision and his right to file a *pro se* petition for discretionary

review. Applicant did not allege in his application that he never received notification. Rather, he alleged that he did not receive such notification before the deadline for filing a petition for discretionary review had expired.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997). In these circumstances, additional facts are needed. Pursuant to *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond more specifically to Applicant's claims by stating the date upon which he notified Applicant of the court of appeals' decision and of his right to file a *pro se* petition for discretionary review, and providing a copy of such notice including any return receipt showing when it was sent and received. The trial court shall also obtain an affidavit from the attorney employed by trial counsel to file Applicant's appeal, stating whether she timely and properly notified Applicant of the court of appeals' decision and of his right to file a *pro se* petition for discretionary review. In addition, the trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit supplemented with copies of the mail room logs from the unit in which Applicant was housed from November 15, 2017, until December 31, 2017, showing whether Applicant received any incoming legal mail during the applicable time period for filing a petition for discretionary review. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's appellate counsel timely informed Applicant that his conviction had been affirmed and that he has a right to file a *pro se* petition for discretionary review. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 30 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 60 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: January 12, 2022
Do not publish